Date signed December 05, 2005



```
                    /s/ Paul Mannes
                    _____
                          PAUL MANNES
                    U. S. BANKRUPTCY JUDGE
```

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**at Greenbelt**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| JACK HALL, INC. | : | Case No. 05-21508PM |
|                Debtor | : | Chapter 11 |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| THE ELDERSBURG BUILDING | : | |
|    SUPPLY COMPANY | : | |
|               Plaintiff | : | |
|     vs. | : | Adversary No. 05-1979PM |
| TUSCARORA CONDOMINIUM | : | |
|    COMPANY, LLC | : | |
|              Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

      This case comes before the court on the Motion of The Eldersburg Building Supply Company ("EBS") to remand this adversary proceeding to the Circuit Court for Frederick County, Maryland. This removed action was filed in the Circuit Court for Frederick County, Maryland, by EBS against the Tuscarora Condominium Company, LLC ("TCC"), to establish and enforce a Mechanic's Lien on account of materials and work said to be supplied by EBS to the Park Place Luxury Condominiums in Frederick County. The Motion for Remand is opposed by TCC. Debtor takes no position on this Motion.

      The Defendant, TCC, and a related entity, Tuscarora Condominium Construction, LLC, filed claims against the estate in the sum of $818,354.00. EBS filed an unsecured claim in the sum of $699,396.64.

      This action is a non-core proceeding. It involves a claim by a supplier against the owner of property based on the Maryland Mechanics' Lien Law that arose before the filing of this

bankruptcy case under Chapter 11 on May 16, 2005.  The Debtor scheduled EBS as the holder of an unsecured claim without priority in the sum of $688,017.51.  Debtor scheduled Tuscarora Condominium Construction, LLC, as a party to an executory contract, and scheduled an entity identified only as "Tuscarora" under its list of accounts receivable reflecting a total account receivable of $131,034.11, consisting of "retainage" of $119,458.00 and accounts receivable of $11,576.11.

Under 28 U.S.C. § 157(c), this court may hear a proceeding that is not a core proceeding but that is otherwise related to a case under Chapter 11.  Because EBS does not consent to the entry of a final order by this court in this dispute, after taking testimony, this court would then submit its proposed Findings of Fact and Conclusions of Law to the District Court, together with a proposed Order that the District Court may review *de novo*.

The seminal case in determining whether the Bankruptcy Court has related to jurisdiction over a controversy is *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (CA3 1984).  A civil case is related to a case in bankruptcy if the outcome in the civil case "could conceivably have any effect on the estate being administered in bankruptcy . . . if the out-come could alter the debtor's rights, liabilities, options or freedom of action (positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy case." *See Celotex Corp. v. Edwards*, 514 U.S. 300, 307-08, n.6 (1995), quoting *Pacor*, 743 F.2d at 994.  As noted in the case of *New Horizon of NY LLC v. Jacobs*, 231 F.3d 143, 151 (CA4 2000),

> This court has adopted the *Pacor* related to test and has held that a district court, "and derivatively the Bankruptcy court" has jurisdiction over an action related to a bankruptcy case "if the outcome [of the proceeding] could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and [the proceeding] in any way impacts upon the handling and administration of the bankrupt estate." *Spartan Mills v. Bank of Am. Ill.*, 112 F.3d 1251, 1255-56 (4th Cir.), *cert. denied*, 522 U.S. 969, 118 S.Ct. 417, 139 L.Ed. 2d 319 (1997) (quoting *Pacor*, 743 F.2d at 994 (Internal quotations marks omitted)).  The Supreme Court gave the following as an example of a civil case related to a bankruptcy case: "suits between third parties which have an effect on the bankruptcy estate." *Celotex*, 514 U.S. at 307 n.5, 115 S.Ct. 1493 (citing 1 *Collier on Bankruptcy* ¶3.01[1][c][iv] at 3-28 (15th ed. 1994)).  Notably, as is the case here, a related to case need not necessarily be against the debtor or his property.  Nevertheless, the "mere fact that there may be common issues of fact between a civil proceeding and a controversy involving a bankruptcy estate does not bring the matter within the scope of [1334(b)]." *Pacor*, 743 F.2d at 994.  In this circuit, a civil case is related to bankruptcy if "the outcome of [the civil] proceeding could conceivably have any effect on the estate being administered in

bankruptcy." *In re Celotex Corp.*, 124 F.3d 619, 625 (4th Cir. 1997) (citing *Pacor*, 743 F.2d at 994). [FN19] see also *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1002 n.11 (4th Cir. 1986).

The relationship of this third-party dispute to this estate is a distant one at best. The issue for this court to determine is which of these two parties will have a claim against this bankruptcy estate for the work and materials supplied by EBS. This is a classic state court dispute between non-debtors. The law of decision is confined entirely to the real estate article of the Maryland Code.

Under 28 U.S.C. § 1452(b), the court to which a cause of action is removed may remand such claim or cause of action on any equitable ground. As noted in the case of *In re Enron Corp.*, 296 B.R. 505-08 (C.D. Cal. 2003), bankruptcy courts have broad discretion to remand cases over which they have jurisdiction on any equitable ground. In *Enron* the court relied upon the list of 14 factors that the court should consider in deciding requests for discretionary abstention and equitable remand set out in the case of *Davis v. Life Investors Ins. Co. of America*, 282 B.R. 186, 194 (S.D. Miss.2002). These factors are as follows:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;
>
> (2) extent to which state law issues predominate over bankruptcy issues;
>
> (3) difficult or unsettled nature of applicable law;
>
> (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding;
>
> (5) jurisdictional basis, if any, other than § 1334;
>
> (6) degree of relatedness or remoteness of proceeding to main bankruptcy case;
>
> (7) the substance rather than the form of an asserted core proceeding;
>
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
>
> (9) the burden of the bankruptcy court's docket;
>
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties.

     (11) the existence of a right to a jury trial;

     (12) the presence in the proceeding of nondebtor parties;

     (13) comity; and

     (14) the possibility of prejudice to other parties in the action.

Almost without exception, these 14 factors all militate against retention of this dispute in this Bankruptcy Court. Factor (3) has no application in that the Maryland Mechanic's Lien Law is straightforward and anything but unsettled. The court will not consider Factor (9), and Factor (11) has no application to this case. One other factor militates in favor of deferring to the state court action. Resolution of this dispute requires the preparation of Findings of Fact and Conclusions of Law and a proposed Order to be forwarded to the United States District Court for the District of Maryland. That court would then have to consider those findings and review *de novo* the matters to which any party has objected.

     In the circumstances described, the court finds it appropriate to abstain from the exercise of jurisdiction over this case and to grant the Motion to Remand this case to the Circuit Court for Frederick County, Maryland. An appropriate order will be entered.

cc:
Bradford F. Englander, Esq., 7200 Wisconsin Avenue, Suite 800, Bethesda, MD 20814
Standord G. Gann, Jr., Esq., 502 Washington Avenue, Towson, MD 21204
Kevin M. O'Donnell, Esq., 4103 Chain Bridge Road, Suite 100, Fairfax, VA 22030
United States Trustee, 6305 Ivy Lane, #600, Greenbelt MD 20770
Clerk, Circuit Court for Frederick County, Court House 100 West Patrick Street, Frederick, Maryland 21701

**End of Memorandum**